UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| OFFICE OF THE SPECIAL DEPUTY RECEIVER,<br><br>        Plaintiff,<br><br>        v.<br><br>HARTFORD FIRE INSURANCE COMPANY AND HSB SPECIALTY INSURANCE COMPANY,<br><br>        Defendants. | Case No. 1:22-cv-03709<br><br>Judge Andrea R. Wood |

**PLAINTIFF'S UNOPPOSED MOTION FOR ENTRY OF FINAL JUDGMENT DISMISSING CLAIMS AGAINST HARTFORD INSURANCE COMPANY**

Plaintiff Office of the Special Deputy Receiver ("OSD") moves pursuant to Fed. R. Civ. Proc. 54(b) for an order of final judgment dismissing OSD's claims against Defendant Hartford Fire Insurance Company ("Hartford"). Defendant Hartford does not oppose the relief requested in this motion.

On March 31, 2025, this Court granted Hartford's Motion to Dismiss and denied Defendant HSB Specialty Insurance Company's ("HSB") Motion to Dismiss. Dkt. 53. The Court construed an exclusion in the Hartford policy as precluding coverage for OSD's loss. In light of the Court's holding, OSD does not believe that any amendment would preserve its claims. Therefore, OSD moves for an entry of final judgment dismissing its claims against Hartford so that OSD may appeal that judgment in favor of Hartford to the Seventh Circuit without waiting for a resolution of the claims against HSB.

1

BACKGROUND

As the Court explained in its March 31 Memorandum, OSD sued two insurance companies—Hartford and HSB—seeking coverage for losses flowing from a computer hack. Each insurance company issued a separate policy to OSD. The policies are independent of, and unrelated to, each other.[1] OSD alleged that both policies covered its losses. Dkt. 53 at 1–7.

Both HSB and Hartford moved to dismiss, each arguing that their respective policies do not provide coverage to OSD for losses arising from the computer hack. *Id.* at 7. This Court granted Hartford's motion and denied HSB's, holding that the Hartford policy contained an exclusion that precluded OSD's claims, but the complaint against HSB stated a claim for coverage under the disputed provision of the HSB policy. *Id*. at 10–12, 15–19.

On the same day it granted Hartford's motion to dismiss and denied HSB's, it entered a minute order directing the parties to "file a joint status report with a proposed case schedule including [ ] if Plaintiff desires to file an amended complaint to attempt to cure the deficiencies in its claim against Defendant Hartford Fire Insurance Company, the date by which it will do so." Dkt. 52. The parties submitted that report, and OSD declined to amend its Complaint. Dkt. 58.

ARGUMENT

"Rule 54(b) authorizes the district court to make immediately appealable a judgment that disposes, with finality, of one or more claims, even though other claims remain pending in the district court so that the suit as a whole has not been finally disposed of by that court." *Fed. Deposit Ins. Corp. v. Chicago Title Ins. Co.*, No. 12-CV-05198, 2020 WL 10486065, at *2 (N.D. Ill. Mar.

---

[1] The Hartford policy is technically a "Financial Institution Bond for Insurance Companies," but this Court has already recognized that the distinction between a bond and an insurance policy is not relevant at this stage of the case. *See* Dkt. 53 at 3 ("Hartford issued an insurance policy to OSD…").

10, 2020), *aff'd in part, rev'd in part*, 12 F.4th 676 (7th Cir. 2021) (Wood, J.) (quotations and citation omitted). OSD requests that this Court exercise its discretion to enter a final judgment under Rule 54(b) so that it can immediately appeal the judgment for Hartford to the Seventh Circuit.

To determine whether a Rule 54(b) certification is appropriate, this Court looks at whether the requested judgment would indeed be a "final judgment" in that it "is a decision upon a cognizable claim for relief" and "is an ultimate disposition of an individual claim entered in the course of a multiple claims action." *Fed. Deposit Ins. Corp.*, 2020 WL 10486065 at *2 (*quoting Curtiss-Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 7 (1980)). Then, the Court "must go on to determine whether there is any just reason for delay," accounting for "judicial administrative interests as well as the equities involved." *Id*.

I. **This Court's Dismissal of OSD's Claims Against Hartford Is a Final Judgment.**

This Court dismissed OSD's claim against Hartford because "OSD has alleged facts that fall squarely within the unambiguous exception found in Rider 17." Dkt. 53 at 12. This ruling is based on the Court's legal interpretation of the Hartford policy at issue; indeed, the Court expressly held that it could interpret the policy at the motion to dismiss stage of the case. *Id.* at 8–9; *see also Netherlands Ins. Co. v. Phusion Projects, Inc.*, 737 F.3d 1174, 1177 (7th Cir. 2013) ("The construction of an insurance policy is a question of law.").

Because the Court's decision turned on a question of law, it would be futile for OSD to attempt to amend its complaint with additional facts. OSD not only alleged all relevant facts regarding the computer hack in the Complaint, but it also attached multiple exhibits detailing the alleged hack and correspondences between OSD and Hartford regarding the hack. But the policy language is what it is, and this Court has concluded that the policy's exclusion precludes coverage here.

3

Rule 54(b) "authorizes certification when everything having to do with a particular party is wrapped up." *Marseilles Hydro Power, LLC v. Marseilles Land and Water Co.*, 518 F.3d 459, 463 (7th Cir. 2008). That is the case here. There is nothing more to be done to resolve OSD's claim against Hartford. OSD's claim against HSB remains pending, but that is of no moment. In *Walker v. Maccabees Mut. Life Ins. Co.*, 753 F.2d 599, 601 (7th Cir. 1985), the Seventh Circuit held that when a loss triggers coverage under different insurance policies issued by different insurers, an order resolving the claims against one insurer is appropriate for certification under Rule 54(b). "[T]he policies are separate contracts that could have been sued on separately in different courts, and claims under separate contracts are separate claims for purposes of Rule 54(b)." *Id.*

OSD sued two insurers under two separate insurance policies. It could have sued them separately in different courts. The matter against Hartford has concluded and no additional allegations could revive OSD's claim. Therefore, the Court's order dismissing Hartford is a final judgment in favor of Hartford and against OSD.

## II. There Are No Just Reasons for Delaying OSD's Appeal of This Court's Order Dismissing Hartford.

The second Rule 54(b) requirement is that the Court "expressly determine[] that there is no just reason for delay." Fed. R. Civ. Proc. 54(b); *see also Fed. Deposit Ins. Corp.*, 2020 WL 10486065 at *2–3. In this case, both equitable interests and judicial administration favor permitting OSD to immediately appeal this Court's order dismissing its claims against Hartford.

The equities favor OSD here. OSD serves Ann Gillespie, Illinois' Acting Director of Insurance, in her capacity as statutory receiver in administering insolvent or financially troubled Illinois domestic insurance companies. Dkt. 53 at 2. OSD protects insureds and creditors pursuant to statutory claim procedures at no expense to Illinois taxpayers. The OSD seeks coverage for the theft of funds from the accounts of two of the receivership estates it administers, Affirmative

4

Insurance Company and Gateway Insurance Company, two Illinois domestic auto insurers. *Id.* Money recovered from Hartford would make these accounts whole, which would benefit the innocent insureds and creditors of these two insurance companies. There is no equitable interest in delaying the resolution of OSD's claim against Hartford. *See Walker,* 753 F.2d at 601 ("There is no reason why CNA and Mrs. Walker should have to wait for the outcome of the battle between Maccabees and Sun in order to get a definitive resolution of their rights.").

Judicial economy also favors certification of the Hartford order for immediate appeal. The interpretation of the Hartford policy is unique to OSD's claim against Hartford; once the Seventh Circuit decides the proper interpretation of the disputed policy exclusion, there will be no need to revisit that interpretation. *See Cooper Power Sys., Inc. v. Union Carbide Chems. & Plastics Co.*, 123 F.3d 675, 678 n. 1 (7th Cir. 1997) (unique legal issue in the to-be-appealed claim factor in favor of 54(b) certification). And if this Court's decision is affirmed, "[a]ffirmance would terminate the participation of one party in this litigation and permit the remainder of the litigation to be resolved in a far more focused manner." *Id.* Either outcome on appeal benefits judicial economy; reversal would allow litigation in this Court with the dispute regarding the scope of the policy exclusion resolved, and affirmance would terminate Hartford from this case.

In addition, there is no possibility that resolving the claim against HSB will moot the Hartford matter. OSD's losses exceed the HSB sublimit on the HSB policy clauses under which OSD seeks coverage from HSB. Dkt. No. 53 at 3, 6. Thus, even if OSD succeeds in full on its claim against HSB, it still would have outstanding losses it asserts are covered by the Hartford policy. *Id.* at 3–4. Thus, in all events, the order dismissing Hartford will be subject to appeal, and there is no just reason to delay that appeal.

5

The equities favor resolving OSD's claim against Hartford as soon as possible to determine the funds available to the insurers' accounts in OSD's receivership. Judicial economy favors an early appeal, as the appeal would be entirely on legal issues and would either clarify or reduce the scope of this case. There is no just reason for delaying OSD's appeal of Hartford's dismissal.

## CONCLUSION

This Court should exercise its discretion to certify its order dismissing OSD's claim against Hartford as a final order appealable to the Seventh Circuit.

Dated: May 2, 2025

                                                            Respectfully Submitted by:

                                                            */s/ Paul Berks*
                                                            Paul Berks
                                                            Laura Zenzerovich
                                                            **MASSEY & GAIL LLP**
                                                            50 E Washington Street, Suite 400
                                                           Chicago, Illinois 60602
                                                           pberks@masseygail.com
                                                           lzenzerovich@masseygail.com

                                                           *Counsel for Plaintiff OSD*